SIMON AUERBACH & CO. v. O. L. SWADNER.

1. NONRESIDENCE, THOUGH OMITTED FROM STATUTE, A GROUND FOR ATTACHMENT.

The intention of the law-maker constitutes the law. A thing may be within the letter of the statute and not within its meaning; and within its meaning though not within its terms. Under this rule the amendment of sec. 5521, Rev. Stat., April 26, 1898, 93 O. L., 318, by which nonresidence, as ground for attachment, was omitted from the statute, does not operate to defeat the remedy. Inasmuch as the reasons for such a ground for attachment existed as much at the time of the amendment as before, and inasmuch as following provisions of the statute relating to nonresidence remained as before, as clearly omitted by inadvertence, and is as much a part of the statute as though expressly included.

2. CONSTRUING REMEDIAL STATUTES.

The words of a remedial statute are to be construed largely and beneficially, so as to suppress the mischief and advance the remedy. It is by no means unusual to extend the enacting words of such statutes beyond their natural import and effect, in order to include cases within the same mischiefs.

ERROR to the Court of Common Pleas of Darke county.

SULLIVAN, J.

This action was brought by defendant in error against plaintiff in error September 26, 1898, in the common pleas court on an account for goods sold and delivered to plaintiff in error.

Plaintiff in error, and each member thereof, being a non-resident of the state, the defendant in error filed his affidavit with the clerk, setting forth the fact of such nonresidence, upon which an order of attachment was issued and levied upon goods and chattels of plaintiff found in the county.

Plaintiff in error filed its motion to dissolve the attachment, claiming that non-residence alone was not a ground upon which the order

could issue, claiming that sec. 5521, Rev. Stat., as amended April 26, 1898, contained no such ground.

The common pleas overruled this motion, sustained the attachment, and entered up judgment against plaintiff in error for costs, and it is to reverse that judgment that plaintiff prosecutes error to this court.

Prior to the amendment of sec. 5521, Rev. Stat., of April 26, 1898, 93 O. L., 318, that section provided that "In a civil action for the recovery of money, the plaintiff may at or after the commencement thereof, have an attachment against the property of the defendant, upon the grounds herein stated.

"1. When the defendant, or one of several defendants, is a foreign corporation, or a nonresident of this state;" whilst the section as amended reads "that the plaintiff in a suit for the recovery of money may, at or after the commencement thereof, have an attachment when the defendant or one of the several defendants is a foreign corporation, except as provided by an act entitled an act to further supplement sec. 148, Rev. Stat., passed May 6, 1894 (91 O. L., 272), and as except provided by "an act entitled an act to amend section 1, of an act,"etc., passed May 19, 1894 (91 O. L., 355) (S. S. 48 C., 148d). The words "or a nonresident of this state," immediately following the words "foreign corporation," appearing in the section before amended, do not appear in the section as amended. It is, therefore, contended by counsel for plaintiff in error that since such amendment, and before the bringing of this suit in the court below, the nonresidence of a defendant from. this state was not a ground for an attachment, and that it was intentionally omitted by the legislature, which omission constituted the amendment of the section, in part. The only reason urged by counsel in support of such claim was the omission, and nothing more. They did not claim that the reasons which suggested the wisdom and fairness of such ground for an attachment did not still exist, and were not as potent as when this ground was first incorporated into the section, nor did they contend for any discrimination between a defendant as a foreign corporation, and a natural person as a nonresident defendant.

The concluding paragraph of sec. 5521, Rev. Stat., as amended, providing that attachments shall issue only for certain claims, upon the ground that the defendant is a foreign corporation, or a nonresident of this state, is the same as that of the section before it was amended. And also sec. 5523, Rev. Stat., providing that no undertaking shall be required when an attachment is issued upon the ground that the defendant is a foreign corporation or a nonresident of the state, is unchanged— containing still the same provision.

It would certainly seem, if the legislature no longer intended to retain as a ground for an attachment the nonresidence of the defendant or one of several defendants from this state, it would have readily discerned that there would not be any necessity for retaining the provisions found still in the foregoing sections, as above recited. We are of the opinion that it was the intention of the legislature to amend sec. 5521, Rev. Stat., to include simply the exceptions with reference to the foreign corporations as stated in the amendment, and that the words "or a nonresident of this state" were omitted through inadvertence, and were intended to be included in the paragraph of that section changed by the amendment.

No reason is made to appear why the legislature should discriminate between a foreign corporation (except in the several exceptions stated

now in sec. 5521, Rev. Stat.) and a nonresident defendant.   The reasons for such a ground for an attachment existed as much at the date of the amendment, and with as much force, as when this ground was first incorporated into the statute.   We are, therefore, of the opinion it was the intention of the legislature to include such ground in the amended statute.

A thing within the intention of the makers of a statute is as much within the statute as if it were within the letter.

The intention of the law maker constitutes the law.   A thing may be within the letter of the statute and not within its meaning; and within its meaning though not within its terms..   Slater v. Cave, 3 Ohio St., 80.

And "that which is plainly implied in the language of the statute is as much a part of it as that which is expressed."   Doyle v. Doyle, Jr., 50 Ohio St., 330.

The words of a remedial statute are to be construed largely and beneficially so as to suppress the mischief and advance the remedy.   It is by no means unusual in construing remedial statutes to extend the enacting words beyond their natural import and effect, in order to include cases within the same mischiefs.

The judgment of the court below in overruling the motion to dissolve the attachment was correct, and the judgment is affirmed.

*Long & Kyle*, for plaintiff in error.

*Anderson & Bowman*, contra.